UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AM Stone & Cabinets, Inc.<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>United States,<br><br><br>　　　　　　　Defendant. | Court No. 24-00243<br><br>Complaint |

# COMPLAINT

AM Stone & Cabinets, Inc., by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of, *Quartz Surface Products from the People's Republic of China* as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 89 Fed. Reg. 92,622 (November 22, 2024).

2. The United States Court of International Trade has exclusive jurisdiction

over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff AM Stone & Cabinets, Inc. ("AM Stone") is a Corporation organized under the laws of the United States. AM Stone imported, distributed and sold *Quartz Surface Products* which it believes were produced in, and exported from Malaysia, but were determined to be produced in China. AM Stone was an active participant in the Administrative Review and was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), Plaintiff was the interested party as defined in 19 U.S.C. §1677(9)(A) and party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiff commenced this action by filing a Summons with this Court on December 19, 2024, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiff is filing this complaint on January 16, 2025, which is within thirty days from the date of the filing of the

Summons in accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On March 27, 2024, pursuant to a request for review filed on July 26, 2023 by AM Stone and Cabinets, Inc., the Department initiated the Administrative Review underlying this matter. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 62322 (September 11, 2023).

8. On June 14, 2024, plaintiff submitted a response to the Department's questionnaire and on July 3, 2024 submitted a response to the supplemental questionnaire.

9. On August 5, 2024 the Department published the preliminary results for the administrative review. Plaintiff was found not to have established that its product was not produced in China and was assigned the China-Wide rate of 45.32%. See *Quartz Surface Products from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2021-2023 and 2021-2022 Countervailing Duty Administrative Reviews*, 89 Fed. Reg 634009 (August 5, 2024).

10. On September 6, 2024, plaintiff and other interested parties filed administrative case briefs with the Department of Commerce challenging the preliminary results.

11. On November 18, 2024, the Department issued the final results. On November 22, 2024, these results were published in the Federal Register at 89 Fed. Reg. 92622. In the final results, the Department continued to assign the China-Wide rate of 45.32% based on its determination that plaintiff had failed to establish that its products were sourced from a country other than China. The Department, therefore, placed the imports from the plaintiff into the "all others" category and assigned the rate given to the "all others" exported from China.

## STANDARD OF REVIEW

12. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip

Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

13. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

14. The allegations of paragraphs 1 through 13 are incorporated by reference and restated as if fully set forth herein

15. The Department's finding that AM Stone did not provide sufficient information to the Department to enable the Department to determine that the quartz surface products imported by AM Stone which were exported by Universal Quartz to the United States during the POR were not Chinese-origin quartz slab is not supported by the facts.

16. AM Stone is a fully co-operative respondent, purchased product manufactured in Malaysia, and was able to substantiate its claims for the five

shipments at issue by providing convincing inside and outside images of Resstone's factory, the raw material stock in said factory, and the production process which takes place in said factory. AM Stone was not related to the foreign producer/exporter, provided all of the information in its possession and sought information from the unrelated third parties over which it had no control.

17. The decision to reject such information and rely upon the taking of adverse inferences in the absence of missing information or based on a lack of cooperation was not supported by the facts and record and the Department's determination to do so was arbitrary and capricious and an abuse of discretion.

## COUNT TWO

18. The allegations of paragraphs 1 through 13 are incorporated by reference and restated as if fully set forth herein

19. AM Stone fully responded and provided all of the information in its possession. The alleged missing information was information of an unrelated and uncooperative third party that refused to provide such information to AM Stone.

20. The taking of partial adverse inferences where the missing information was not relevant to the determination and where the failure to provide the data was the result of a refusal of unrelated parties is not appropriate.

21. The taking of partial adverse inferences was arbitrary and capricious and an abuse of discretion.

## COUNT THREE

22. The allegations of paragraphs 1 through 13 are incorporated by reference and restated as if fully set forth herein.

23. All decisions must be supported by substantial evidence. In this matter the Department had no evidence that the goods imported by plaintiff were not manufactured in Malaysia and had significant evidence that these goods were manufactured in Malaysia. There is also no evidence that these goods were manufactured in China.

24. Product not produced in China cannot be subject to antidumping or countervailing duty orders which apply to China.

25. The determination that these goods were a product of China is not supported by the evidence of record and any finding that such goods were a product of China is contrary to law.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment as follows:

1. Sustaining counts one, two and two of plaintiff's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                                                Respectfully submitted,

                                                /s/ David J. Craven

                                                David J. Craven
                                                Counsel to AM Stone & Cabinets, Inc.

Date: January 16, 2025                 Craven Trade Law, LLC
                                                3744 N Ashland Ave.
                                                Chicago, IL 60613
                                                (773) 245-4010
                                                dcraven@craventrade.com